IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | Criminal No. 1:07-cr-137 |
| ) | |
| TONY ERVIN LOPEZ   ) | |

**MEMORANDUM OPINION**

At issue in this matter is Defendant Tony Ervin Lopez's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). In support of his motion, Defendant contends that there are "extraordinary and compelling circumstances"[1] warranting a 12-month reduction in his federal sentence: namely, that a 12-month reduction in Defendant's federal sentence will give effect to the 211-month total sentence that Judge Gerald Bruce Lee (Ret.) imposed in this case. Specifically, a 12-month reduction in Defendant's federal sentence is appropriate, according to Defendant, because Judge Lee ordered that Defendant's 211-month federal sentence run *concurrent* with a previously imposed 12-month Virginia state sentence, for a total sentence of 211 months, but the Virginia Department of Corrections ("VDOC") has refused to honor Judge Lee's Order by insisting that Defendant's 12-month Virginia sentence run *consecutive* to Defendant's federal sentence. Thus, Defendant is currently scheduled to serve a total of 223 months in prison, a period that is 12 months longer than Judge Lee imposed.

To achieve the 211-month total period of imprisonment that Judge Lee imposed, Defendant has filed the instant Motion for Sentence Reduction, seeking a 12-month reduction in Defendant's federal sentence. If Defendant's motion is granted, then Defendant will serve approximately 199 months in federal prison and 12 months in state prison, for a total of 211 months imprisonment. If

---

[1] 18 U.S.C. § 3582(c)(1)(A).

1

Defendant's motion is denied, then Defendant will serve 211 months in federal prison and 12 months in state prison, for a total of 223 months imprisonment, a period that is 12 months longer than Judge Lee imposed.

The government concedes that Defendant presents a compelling case for a 12-month reduction in his federal sentence under 18 U.S.C. § 3553(a) but nonetheless argues that a sentence reduction is inappropriate here.  Because the parties' briefing adequately sets forth the relevant facts and applicable legal framework, oral argument is dispensed with and thus Defendant's Motion for Sentence Reduction is now ripe for disposition.

## I.

Analysis of Defendant's Motion for Sentence Reduction properly begins with a summary of the relevant dates, which are undisputed.[2]

- June 14, 2007: Defendant is sentenced in Orange County Circuit Court for unlawful possession of a controlled substance[3] to a three-year term of imprisonment, with two years suspended.  Following the imposition of this state sentence, Defendant is transferred to the custody of the U.S. Marshals Service.  *See* Record at 22, 25.

- August 17, 2007: Defendant is sentenced by Judge Lee in the Eastern District of Virginia for drug and firearms offenses[4] to a 248-month term of imprisonment. The Judgment imposing this 248-month federal sentence specifically states that "this sentence shall run concurrent with the [state] sentence." Judgment at 2 (Dkt. 26).

- September 18, 2007: VDOC sends a one-page letter to the Bureau of Prisons ("BOP"), which:

    o (1) informs BOP that, according to VDOC, Defendant's 12-month state sentence must be served consecutive to and thus following Defendant's 248-month federal sentence; and

---

[2] These undisputed dates are derived from (1) the docket for this action, *United States v. Lopez*, No. 1:07-cr-137, and (2) the docket for Defendant's separate habeas petition, *Lopez v. Ormond et al.*, No. 2:18-cv-322 (Dkt. 10-1) ("Record") (declaration attaching documents pertinent to Defendant's state case).

[3] Va Code § 18.2-250.

[4] 21 U.S.C. §§ 841(a)(1) and 846; 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c).

2

- - o (2) requests that BOP place a detainer on Defendant so that Defendant will begin his 12-month state sentence upon the conclusion of his federal sentence. *See* Record at 39.[5]

- September 25, 2007: BOP notifies VDOC that VDOC's detainer request has been fulfilled and therefore that Defendant will serve his 12-month state sentence following his federal sentence. *See id.* at 46.

- December 11, 2013: Judge Lee issues an Amended Judgment clarifying that Defendant's federal sentence runs concurrent with Defendant's state sentence. *See* Am. Judgment (Dkt. 53).

- December 28, 2015: Defendant, separately eligible for a 37-month sentence reduction due to the Fair Sentencing Act of 2010, files an unopposed motion to reduce his federal sentence from 248 to 211 months pursuant to 18 U.S.C. § 3582(c)(2). *See* Def.'s Mot. to Reduce Sentence (Dkt. 62).[6]

- January 6, 2016: Defendant's unopposed Motion for Sentence Reduction is granted, and Defendant's federal sentence is reduced to 211 months. *See* January 6, 2016 Order (Dkt. 64)

- Spring / Summer 2017: On an unknown date during this time period, Defendant writes a letter to the Orange County Circuit Court requesting that the Orange County Circuit Court modify Defendant's 12-month state sentence such that this sentence runs concurrent with Defendant's 211-month federal sentence.

- September 6, 2017: Defendant files a Motion to Clarify the Concurrency of Defendant's Federal and State Sentences. *See* Def.'s Mot. to Clarify (Dkt. 76).

- September 8, 2017: An Orange County Circuit Court Judge, Daniel R. Bouton, writes a two-sentence, handwritten note to Defendant, stating in full: "The court has no authority to recall a detainer issued by the U.S. Dept of Justice to the Comm. of Va. Dept. of Corrections. The court also has no jurisdiction to modify its sentencing order at this point. The matter can be addressed as deemed appropriate by the Dept. of Corrections. DRB." Record at 51.

- September 18, 2017: Judge Lee, writing in response to Defendant's Motion to Clarify the Concurrency of his Sentences, issues an Order stating that "Defendant's

---

[5] VDOC unilaterally concluded that Defendant must serve his state sentence following the conclusion of Defendant's federal sentence. *See id.* The Orange County Circuit Court sentencing judge did not specify on June 14, 2007 whether Defendant's state sentence would run concurrent or consecutive to Defendant's yet to be imposed federal sentence.

[6] The Fair Sentencing Act of 2010 operated to amend the federal sentencing guidelines for crack cocaine trafficking offenses so that certain defendants (such as Defendant) could be resentenced to a shorter period of imprisonment. *See generally Dorsey v. United States*, 567 U.S. 260, 269–70 (2012); *see also United States v. Parker*, 575 F. App'x 206, 207 (4th Cir. 2014).

federal sentence [is] to run concurrent with Defendant's state sentence in Orange County, Virginia." Sep. 18, 2017 Order at 1 (Dkt. 77).

- June 15, 2018: Defendant files a separate habeas corpus action, *Lopez v. Ormond et al.*, No. 2:18-cv-322 (E.D. Va. 2018), seeking, in effect, an Order compelling BOP and/or VDOC to modify his 12-month consecutive sentence to a 12-month concurrent sentence, such that Defendant can serve the 12-month state sentence during the pendency of his 211-month federal sentence.

- June 18, 2019: Magistrate Judge Douglas Miller issues a Report and Recommendation that recommends the denial of Defendant's habeas petition. In relevant part, Judge Miller concludes that a federal district court "lacks any authority to order VDOC to commence Lopez's state sentence or designate Lopez's present federal facility for service of that sentence." *Lopez v. Ormond et al.*, No. 2:18-cv-322, 2019 WL 3365850, at *7 (E.D. Va. June 18, 2019).

- July 24, 2019: Chief Judge Mark Davis adopts Magistrate Judge Miller's Report and Recommendation and accordingly, Defendant's habeas petition is denied. *See Lopez v. Ormond et al.*, No. 2:18-cv-322, 2019 WL 3366554, at *1 (E.D. Va. July 24, 2019).

- May 13, 2020: Seeking an alternative way to achieve the 211-month total sentence Judge Lee imposed, Defendant requests that the Warden at FCI Petersburg file a motion requesting a 12-month sentence reduction in Defendant's federal sentence. The Warden denies Defendant's request.

- June 24, 2020: Defendant files the instant Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), seeking a 12-month reduction in Defendant's federal sentence.

## II.

As a preliminary matter, the parties agree that Defendant has fully exhausted his administrative remedies, and therefore that Defendant's Motion for Sentence Reduction is now ripe for disposition. A defendant seeking sentence reduction under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing (1) that there are "extraordinary and compelling circumstances" warranting a sentence reduction and (2) that analysis of the § 3553(a) factors also warrants a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Sprague*, 838 F. App'x 775, 775–76 (4th Cir. 2021). Recently, in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020),

4

the Fourth Circuit clarified that, under the first part of this two-part test, the phrase "extraordinary and compelling circumstances" is not limited to any particular set of circumstances. *Id.* at 284. Rather, the ultimate guide in assessing a motion for sentence reduction is the individual circumstances of a particular defendant. *See id.* at 284 (emphasis in original) (internal citation omitted) ("[N]o 'applicable' policy statement govern[s] compassionate-release motions . . . and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise'"); *see also Sprague*, 838 F. App'x at 776 (same). Thus, a district court may reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) if the district court finds, following an "individualized assessment[] of [a] defendant's sentence" and "full consideration of the defendant['s] individual circumstances," that there are "extraordinary and compelling circumstances" warranting a sentence reduction. *McCoy*, 981 F.3d at 284. Decision on whether or not to grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is reviewed for abuse of discretion. *See United States v. Kibble*, -- F. 3d --, 2021 WL 1216543, at *2 (4th Cir. Apr. 1, 2021).

**A.**

There can be no dispute here that there are "extraordinary and compelling circumstances" warranting a 12-month reduction in Defendant's federal sentence. 18 U.S.C. § 3582(c)(1)(A). Simply put, without such a reduction, Defendant will be incarcerated for a term that exceeds and is directly contrary to the express order of the sentencing judge. Surely, such a circumstance is "extraordinary and compelling"; there is simply no basis whatsoever to imprison a person in contravention of the sentencing judge's order. *Id.* Moreover, it is axiomatic that a criminal defendant may not be incarcerated for any period longer than necessary to achieve the goals of sentencing, which Judge Lee determined was 211 months. *See* 18 U.S.C. § 3553(a); *see also*

5

*United States v. Freeman*, -- F.3d --, 2021 WL 1180711, at *7 (4th Cir. Mar. 30, 2021) (same). Yet here, VDOC's perplexing (and unusual) insistence on consecutive sentences has operated to do just that, requiring Defendant to serve effectively a 223-month total sentence, a period that is 12 months greater than necessary to achieve the goals of sentencing. Thus, it is appropriate in this highly unusual case to reduce Defendant's federal sentence, as a reduction in Defendant's federal sentence will achieve the 211-month total sentence that Judge Lee imposed. Accordingly, in the highly unusual circumstances of this case, Defendant has established that there are "extraordinary and compelling circumstances" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).[7]

Seeking to avoid this conclusion, the government argues, unpersuasively, that there are no extraordinary and compelling circumstances warranting a sentence reduction. First, the government incorrectly argues that Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) because Defendant's exact situation here is not specifically listed in the U.S. Sentencing Commissions' latest policy statement on sentence reductions. *See* U.S.S.G. § 1B1.13. This argument completely misses the mark, not the least because the Fourth Circuit rejected this very contention in *McCoy*. There, the Fourth Circuit held that "U.S.S.G. § 1B1.13 is not an 'applicable' policy statement" and therefore that a district court may grant a sentence reduction in circumstances other than those expressly listed in U.S.S.G. § 1B1.13. *McCoy*, 981 F.3d at 281.[8] Accordingly, nothing about the cited policy statement alters the result reached here.

Second, the government argues that VDOC acted appropriately here because Virginia law

---

[7] It is important to note that the result reached here is limited to the specific facts presented. Nothing in this Memorandum Opinion should be construed as expanding the definition of "extraordinary and compelling circumstances" to cases involving defendants who are dissimilar from Defendant. 18 U.S.C. § 3582(c)(1)(A). It remains for the district judge to consider the specific facts presented in a given motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See McCoy*, 981 F.3d at 284 (explaining that motions for sentence reduction involve an "individualized assessment" of the defendant's circumstances).

[8] The government's briefing in this matter predates *McCoy*.

6

provides that criminal sentences "shall not run concurrently, unless expressly ordered by the court." Va. Code § 19.2-308.[9] Nothing about this state law provision or general principles of dual sovereignty alters the result reached here. It is perfectly appropriate for a *federal* court to adjust a *federal* sentence to achieve the goals of sentencing. This Memorandum Opinion does not, in any way, restrict Virginia's ability to impose a consecutive 12-month sentence following the conclusion of Defendant's federal sentence; Defendant will simply begin serving his state sentence twelve months earlier. Accordingly, nothing about Va. Code § 19.2-308 alters the result reached here.

Third, the government argues that Defendant is ineligible for sentence reduction because VDOC may ultimately award Defendant time served for his 12-month state sentence based on Defendant's 211-month federal sentence. This argument is belied by the record in this case. Nothing in the record indicates that VDOC would award Defendant time served. Rather, the record makes clear that VDOC has made explicit its decision that Defendant must spent 12 months in state prison after serving his federal sentence. Thus, there is no reason to believe that VDOC would allow Defendant to serve his state sentence concurrently with Defendant's federal sentence. Accordingly, nothing about the potential for a time served state sentence has any factual basis and therefore the government's argument in this respect does not alter the result reached here.[10]

Finally, the government argues that Defendant is ineligible for a sentence reduction

---

[9] Interestingly, however, the Orange County Circuit Court Judge concluded that he lacked the power to clarify Defendant's sentence in this respect. *See* Va. Code § 19.2-308.1 (authorizing a Virginia state court judge to order that a Virginia state sentence run concurrently with a sentence imposed in another jurisdiction).

[10] Nor does BOP's discretionary ability to transfer Defendant to a Virginia state facility for the remainder of his federal sentence alter the result reached here, as the government has presented no evidence that such transfer will occur here. *See Lopez*, 2019 WL 3365850, at *2 (explaining that the BOP has previously denied Defendant's request for transfer to a Virginia state facility); 18 U.S.C. § 3621(b); *Trowell v. Beeler*, 135 F. App'x 590, 593 (4th Cir. 2005) ("Section 3621(b) grants BOP wide latitude in selecting the place of a federal prisoner's confinement."); *In re McCall*, 32 F. App'x 80, 81 (4th Cir. 2002) (§ 3621(b) grants the BOP "plenary power to designate [the] place of confinement").

because he previously benefited from a sentence reduction under the Fair Sentencing Act of 2010, based on the fact that Defendant's offense conduct involved crack cocaine. *See supra* p.3. [11] This argument conflates the separate rationales for Defendant's two motions for sentence reduction. The limitation on filing a second motion for sentence reduction applies only where the defendant seeks a second sentence reduction through Section 404(b) of the First Step Act of 2018, concerning a sentence reduction based on the disparity between sentences for trafficking in crack and power cocaine. *See, e.g.*, *United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020) ("Section 404(c) contains . . . limitations on the application of Section 404(b)"); *United States v. Hart*, 983 F.3d 638, 641 (3d Cir. 2020) ("Section 404(c) . . . bars a second motion: if a petitioner's sentence has previously been reduced in accordance with the Fair Sentencing Act's new mandatory minimums, the court may not use 404(b) to reduce his sentence again.").[12] In contrast, Defendant's instant Motion for Sentence Reduction is based solely on the refusal of VDOC to allow, as Judge Lee ordered, a total sentence of 211 months. Nothing about Section 404(b) or the disparity between sentences for trafficking in crack and power cocaine is pertinent to the basis for Defendant's instant Motion for Sentence Reduction. Accordingly, nothing about Sections 404(b) or 404(c) of the First Step Act alters the result reached here.

In sum, none of the government's counterarguments alters the result reached here that Defendant has presented "extraordinary and compelling circumstances" warranting a 12-month

---

[11] In this respect, the First Step Act precludes a defendant who benefitted from the reductions to crack cocaine sentences under the Fair Sentencing Act of 2010 from obtaining a similar sentence reduction under the First Step Act. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018) ("No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010.").

[12] The First Step Act's amendments to the 18 U.S.C. § 3582(c)(1)(A), the procedural vehicle for Defendant's instant motion, do not appear in Section 404 but rather in Section 603. *See* First Step Act of 2018, Pub. L. No. 114-391, § 603, 132 Stat. 5194, 5238–39. *See United States v. Roper*, No. 5:08-cr-39, 2021 WL 1436500, at *1–2 (W.D. Va. Apr. 15, 2021) (discussing the difference between these two sections of the First Step Act).

reduction in his federal sentence. 18 U.S.C. § 3582(c)(1)(A)

**B.**

Next, the § 3553(a) factors support a 12-month reduction in Defendant's federal sentence from 211 months to 199 months. This is so for three reasons. First, the government concedes that a 199-month federal sentence fulfills the goals of sentencing set forth in 18 U.S.C. § 3553(a). *See* Gov. Opp'n at 8 (Dkt. 90) ("A 12 month reduction in the defendant's sentence is consistent with [] the factors set forth in § 3553(a)."). Second, Judge Lee, the sentencing judge and the person most familiar with Defendant's case, carefully determined that a 211-month total sentence was the appropriate sentence in this case. Third, it is the judgment of this Court that a 211-month total sentence deters Defendant and others from engaging in similar misconduct and affords just punishment. *See* 18 U.S.C. § 3553(a). There is no compelling reason on this record for a greater sentence. Accordingly, the § 3553(a) factors warrant a 12-month reduction in Defendant's federal sentence so that Defendant's federal sentence is 199 months and Defendant serves no more than a total of 211 months in prison.

In sum, Defendant's Motion for Sentence Reduction must be granted, and Defendant's federal sentence must be reduced from 211 months to 199 months. An appropriate Order will issue separately that reduces Defendant's federal sentence from 211 months to 199 months.

The Clerk of Court is directed to send a copy of this Memorandum Opinion to all counsel of record and to Defendant at his address of record.

Alexandria, VA
April 20, 2021

/s/
T. S. Ellis, III
United States District Judge